UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY DALE SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-24-1309-R |
| | ) |
| JIM WEIR, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin [Doc. No. 51]. Plaintiff Bobby Dale Simmons alleges that his Eighth Amendment right to be free from cruel and unusual punishments was violated while he was incarcerated in Grady County, Oklahoma, where he experienced deliberate indifference to his serious medical needs due to a delay of dental care. Judge Erwin recommends dismissal of Plaintiff's Amended Complaint for failure to state a claim. Plaintiff filed an Objection to Judge Erwin's recommendation [Doc. No. 53] to which Defendants Jim Weir and the Grady County Board of County Commissioners responded [Doc. No. 54]. Plaintiff filed a Reply to Defendants' Response [Doc. No. 55].[1] The Court must now make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1).

---

[1] The Court has considered the arguments in Plaintiff's Reply and finds they would not change its decision to adopt the Report and dismiss the Amended Complaint.

1

## LEGAL STANDARD

When a magistrate judge has issued a report and recommendation on a dispositive motion or prisoner petition, parties may object to the findings before the district court reviews them. *See* FED. R. CIV. P. 72(b). "'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party waives further review of a Report and Recommendation where he fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060. Because Plaintiff proceeds *pro se*, the Court will construe his filings liberally but cannot serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

## DISCUSSION

Judge Erwin recommends dismissal of Plaintiff's Amended Complaint [Doc. No. 47] for failure to state a claim against any Defendants. Plaintiff objects, contending that Judge Erwin prematurely issued his Report and did not review the Amended Complaint he gave Plaintiff leave to file. Defendants respond, arguing the Objection is untimely and contains unfounded assertions.

As an initial matter, the Report indicated Plaintiff was required to file an Objection by November 10, 2025, or his right to appellate review would be waived. Defendants argue that Plaintiff's Objection is untimely because the mailing envelope is stamped with the dates "18 NOV 2025" and "22 NOV 2025." However, Plaintiff's Objection includes a Certificate of Mailing in which he affirms that he placed his Objection in his prison's mailbox on November 8, 2025, two days before the deadline. Giving Plaintiff the benefit of the prisoner mailbox rule, *see Lockaby v. Young*, 42 Fed. App'x 313, 318 (10th Cir. 2002) (unpublished) (citing *Houston v. Lack*, 487 U.S. 266, 275-76 (1988)) ("[A]n inmate's pleadings are deemed filed as of the date on which they are deposited into the appropriate prison mailing system."), the Court deems the Objection timely "filed" on November 8, 2025.

Regardless of the Objection's timeliness, it fails to provide a valid reason for denial of Judge Erwin's Report. Most of Plaintiff's Objection revolves around his assertions that he never received the necessary forms to complete the Amended Complaint and that the Amended Complaint reviewed by Judge Erwin is not the Amended Complaint Plaintiff was granted leave to file. Defendants respond that the record indicates Plaintiff's claims are unfounded and that he did file his Amended Complaint.

The Court agrees with Defendants. On September 26, 2025, Judge Erwin granted Plaintiff's Motion to File an Amended Complaint [Doc. Nos. 36, 43]. And, contrary to Plaintiff's assertions, the record reflects that a blank § 1983 complaint form was mailed to Plaintiff on September 26, 2025. On October 7, 2025, Plaintiff placed into the prison's legal mail system a Pro Se Prisoner Civil Rights Complaint form that he himself designated as

3

his "Amended" Complaint. Doc. No. 47. That Complaint was entered into the record and designated as Plaintiff's Amended Complaint on October 10, 2025. *Id.* Judge Erwin's Report, issued on October 24, 2025, clearly states that Judge Erwin reviewed the operative Amended Complaint.[2]

Plaintiff also asserts Judge Erwin "prematurely" issued his Report. Defendants respond, and this Court agrees, that the two weeks between the filing of the Amended Complaint on October 10, 2025, and the issuance of the Report on October 24, 2025, were ample time to review the Amended Complaint.[3]

Plaintiff also argues numerous outstanding pleadings would assist in formulating a proper amended complaint in accordance with Judge Erwin's Order granting Plaintiff leave to file an Amended Complaint. Defendants respond that all pertinent motions were ruled upon in that Order and no pleadings are outstanding that would bear upon the Amended

---

[2] Even if Plaintiff did not receive the necessary forms from the Clerk of Court, Judge Erwin's recommendation is premised on Plaintiff's pleading deficiencies, not on his failure to use the proper form.

[3] In his Reply, Plaintiff argues he thought the Court would guide him in correcting his Complaint through setting forth the proper parties and allegations to allow him to pursue his case. In the Order granting Plaintiff leave to file an Amended Complaint, Judge Erwin included relevant pleading requirements and indicated the allegations must be on the same complaint form normally required by the Court [Doc. No. 43]. A blank § 1983 form was mailed to Plaintiff with the Order. Judge Erwin acted properly in informing Plaintiff of the proper procedures and standards required for his Amended Complaint. Were the Court to go further by providing Plaintiff with substantive arguments, it would be improperly serving as Plaintiff's advocate. *Hall*, 935 F.2d at 1110. *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (courts may construe pleadings liberally but "will not supply additional factual allegations to round out a plaintiff's complaint").

Complaint. This Court agrees. The record reflects there were no outstanding pleadings or motions when Judge Erwin considered Plaintiff's Amended Complaint on the merits.[4]

Plaintiff's arguments regarding his Amended Complaint and alleged outstanding motions have failed to provide a valid basis for denial of Judge Erwin's Report. And because Plaintiff failed to specifically object to any of Judge Erwin's substantive findings, he has waived this Court's review of those findings.

The Court therefore fully ADOPTS the Report and Recommendation [Doc. No. 51]. Plaintiff's Amended Complaint [Doc. No. 47] is DISMISSED.

IT IS SO ORDERED this 16th day of December, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[4] In his Reply, Plaintiff specifies he is still awaiting a ruling on his Motion to Appoint Counsel. The record reflects that Plaintiff's request for appointment of counsel [Doc. No. 33] was denied by Judge Erwin [Doc. No. 44]. Plaintiff's renewed Motion to Appoint Counsel [Doc. No. 39] was also stricken [Doc. No. 43]. Even if a motion to appoint counsel was outstanding, it would be mooted because Plaintiff's Amended Complaint is dismissed.